# N. Y. COMMON PLEAS.

## LANGBEIN agt. GROSS.

Although section 416 of the Code requires parties to *file pleadings without notice*, yet where notice has been given as an act of courtesy, and the pleadings have not been filed, and an affidavit is necessary in proof of the omission and to obtain an order to compel the filing, ten dollars costs will be allowed the moving party for his trouble.*

*Special Term, September 26th,* 1873.

THE plaintiff filed his complaint with the clerk of the court pursuant to section 416 of the Code of Procedure, and after waiting ten days, and defendant not filing his answer, he served the following notice on defendant's attorney:

" Title, etc. Sir: Please to take notice that the pleadings on the part of the plaintiff have been filed, and you are hereby required to file with the clerk of this court the pleadings on the part of the defendant in this action pursuant to section 416 of the Code of Procedure, or in default thereof I shall apply to one of the judges of this court, without further notice, pursuant to said section, for an order to that effect, or that the answer of the defendant be deemed abandoned with costs of motion.

Yours, etc.,

LOUIS H. ROWAN

Attorney for Plaintiff.

To ANDREW G. CROPSEY, Esq.,

Attorney for Defendant.

Dated NEW YORK, *Sept. 3d,* 1873."

* *Quere?* Whether under this decision most attorneys will not deem it the better practice to give notice as an act of courtesy requiring the pleadings to be filed.—REP.

The defendant still not filing his answer the plaintiff obtained an order without notice, upon an affidavit setting forth the foregoing facts, " that the defendant, Jacob A. Gross, file his pleading in this action with the clerk of this court within five days from the service of a copy of this order, or in default thereof the said pleading of said defendant be deemed abandoned, and that plaintiffs now have ten dollars costs of this motion."

Upon the service of this order, the defendant, after waiting till the fifth day, filed the answer and then served an order to show cause why the order " should not be resettled by striking out the provision or direction that plaintiffs have ten dollars costs of motion."

ANDREW G. CROPSEY, *for the defendant (for the motion)*, contended it was a mere favor to plaintiffs to have the pleading filed, and there should be no costs, as section 416 provided for none, and cited *Jones* agt. *United States Slate Co.* (16 *How. Pr.*, 129), *and Browne* agt. *Anthony* (13 *How. Pr. Rep.*, 301).

GEORGE F. LANGBEIN, *plaintiff in opposition*, cited section 315 of the Code, and contended that the various steps necessary to compel a defendant unwilling to file his answer were fully worth ten dollars costs which the judge, in his discretion, had imposed.

J. F. DALY, *J., Held* that section 416 of the Code required parties to file pleadings without notice, yet in this case notice to file had been given as a matter of courtesy, and the pleadings not having been filed, and the opposite party being obliged to draw and present an affidavit in proof of his omission, and to obtain an order to compel the filing, it was proper to insert ten dollars costs in the order for the trouble the party had been put to, and therefore denied the motion.